NOT FOR PUBLICATION                                                              CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MILICIA PAGAN, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | Civil Case No. 11-5994 (FSH) (PS) |
| v. | **OPINION & ORDER** |
| UNITED RECOVERY SYSTEMS, L.P, and CAPITAL ONE BANK (USA), N.A., | Date: January 6, 2012 |
| Defendants. |  |

**HOCHBERG, District Judge;**

This matter comes before the Court upon the unopposed motions of Defendants United Recovery Systems, L.P. ("United") and Capital One Bank (USA), N.A. ("Capital One") to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Fed. R. Civ. P. 78.

## I.     BACKGROUND[1]

Plaintiff filed an action against Defendants in the Superior Court of New Jersey, Law Division, Hudson County bringing claims against both Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and invasion of privacy, and a claim against Capital One for breach of the implied covenant of good faith and fair dealing. On October 13, 2011, Defendants removed this action to this Court. Plaintiff is a consumer who

---
[1] The facts set forth here are drawn from Complaint. At the motion to dismiss stage, this Court accepts these facts as true. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

1

owes a credit card debt to Capital One, and United is a debt collection company that Capital One employed to collect the debt. The Complaint alleges that on July 1, 2010, Plaintiff advised Capital One that Plaintiff was represented by counsel and demanded that Capital One cease and desist from direct communications with Plaintiff. The Complaint further alleges that sometime after July 1, 2010United contacted Plaintiff directly seeking to collect the debt owed to Capital One. According to Plaintiff, United knew or should have known that Plaintiff was represented by counsel. Each Defendant has moved to dismiss all of Plaintiff's claims against it. Plaintiff has not filed a response in opposition to either motion to dismiss.

## II.    STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 127 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d203, 210-11 (3d Cir. 2009) (internal citations and quotations

omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

### III.  DISCUSSION[2]

Plaintiff's FDCPA claim against Capital One fails because Capital One is not a "debt collector" under the FDCPA. Plaintiff alleges Defendants violated 15 U.S.C. § 1692c(a)(2), but that section, by its terms, applies only to debt collectors. *Id.* ("a debt collector may not communicate with a consumer . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ."). Prior decisions by courts interpreting the FDCPA have distinguished between creditors, such as Capital One, and debt collectors, such as United, and have generally held that the FDCPA does not apply to creditors. *See, e.g., Ventura v. I.C. Systems, Inc.*, No. 11-5396(JLL), 2011 WL 5519863, at *2 (D.N.J. Nov. 9, 2011) (citing *Police v. National Tax Funding*, 225 F 3d 379, 402 (3d Cir. 2000)); *Holt v. Macy's Retail Holders, Inc.*, No. 08-CV-1285, 2010 WL 280347, at *5 (W.D. Tenn. Jan. 21, 2010) (dismissing FDCPA cases against credit card issuers and citing cases); *see also Green v. Capital One*, No. 11-CV-311-TC, 2011 WL 3351342, at *2 (D. Utah Aug. 3, 2011) (holding Capital One not subject to FDCPA because Capital One was collecting its own debt and was thus not debt collector under FDCPA).

---

[2] In deciding these motions, the Court notes that Judge Martini, another District Judge of the United States District Court for the District of New Jersey, recently issued an opinion dismissing virtually identical claims brought by a different plaintiff (also named Pagan) against Capital One in *Pagan v. United Recovery Systs.*, No. 11-5992, 2011 WL 6098001 (D.N.J. Dec. 6, 2011). If that case, brought by plaintiff with the same surname and represented by the same counsel, is related to the instant case, Defendants should have so indicated upon removal to avoid a waste of judicial time by having two judges spending time on the related matters at the same time. All counsel should read the Local Rules of this Court, which are designed to promote judicial economy, and note the requirement to inform the Clerk of any related cases, which is accomplished by so indicating on the civil cover sheet.

The same reasoning applies here.  Because Capital One is not a debt collector, it cannot be held liable under Section 1692c(a)(2).

With respect to United, Plaintiff claims that United violated § 1692c(a)(2) by contacting Plaintiff directly once Plaintiff notified Capital One that she was represented by counsel. However, liability under this section requires the debt collector's actual knowledge that debtor is represented by counsel; notice to the creditor that the debtor is represented is not imputed to the debt collector.  *Ventura v. Collectcorp Corp.*, No. 11-4576(JLL), 2011 WL 4625365, at *2 (D.N.J. Sep. 30, 2011) (citing *Hubbard v. Nat'l Bond & Collection Assocs., Inc.*, 126 B.R. 422, 426 (D. Del. 1991)).  Plaintiff alleges that because she informed Capital One that she was represented by counsel United "knew or should have known . . . that all future communications needed to be directed to counsel for Plaintiff."  Compl. ¶ 3.  Plaintiff has failed to offer anything other than "naked assertions devoid of further factual enhancement" to show that United had actual knowledge of her representation.  *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).  Therefore, this claim is dismissed without prejudice.

Plaintiff also asserts FDCPA claims against United for violating § 1692e and § 1692j. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Section 1692j provides as follows:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a).

Plaintiff alleges that United violated § 1692e by misrepresenting the amount owed on the debt.  Plaintiff does not allege any facts regarding the actual amount of the debt or the amount

4

represented by United.  *See Pineda v. West Asset Mgmt.*, No. 11-5191(SRC), 2011 WL 5372528, at *2 (D.N.J. Dec. 20, 2011) (dismissing plaintiff's § 1692e claim for misrepresentation of amount of debt, finding that plaintiff failed to allege that debt collector's letter was inaccurate regarding the amount and, therefore, the "allegation does nothing more than parrot the language of the statute, without providing any substantive fact in support").  The same reasoning applies here.  Therefore, Plaintiff's claim that United violated § 1692e is dismissed for failure to provide sufficient factual support for the elements of the legal wrong claimed.

Plaintiff alleges that United's letter stating that her "account has been referred to this office for collection" was "written to obfuscate and to deceive the consumer as to whether Capital One . . . still owned the debt," and therefore violated § 1692j.  Plaintiff's § 1692j claim fails because Plaintiff has not alleged any facts sufficient to support its claim that anything in United's letter was intended to deceive or mislead.  Plaintiff has not made any allegation that United is not actually participating in the collection of Plaintiff's debt or that Capital One no longer owns the debt; therefore, Plaintiff's claim that United's letter violated § 1692j states no plausible facts to support the legal claim made.  *See Pineda*, 2011 WL 5372528, at *2 (holding that "it is impossible to conclude" that a letter stating that debtor's account had been "assigned" to sender "created the false impression that a party other than the creditor was attempting to collect the debt such a person was not in fact participating").

Plaintiff's invasion of privacy claim fails because Plaintiff has failed to allege facts from which, if presumed to be true, it could be found that conduct by either Defendant would be highly offensive to a reasonable person.  Under New Jersey law, the tort of invasion of privacy requires a showing that the tortfeasor intentionally intruded, physically or otherwise, upon the solitude or seclusion of another or his private affairs and concerns in a manner that would be

highly offensive to a reasonable person. *G.D. v. Kenny*, 15 A.3d 300, 319–20 (N.J. 2011). This Court "sees no way in which a reasonable person could find the sending of a letter merely attempting to collect a debt to be highly offensive. If such conduct were highly offensive, that would lead to the ridiculous result that every debtor would have a cause of action for invasion of privacy against every creditor who contacted them seeking to collect the money owed." *Pagan*, 2011 WL 6098001, at *2.

Plaintiff's claim against Capital One for breach of the implied covenant of good faith and fair dealing fails because Plaintiff has failed to allege how Capital One's conduct prevented her from receiving his reasonably expected fruits under the contract and has failed to allege that Capital One acted with a bad motive or intention. Under New Jersey law, a duty of good faith and fair dealing is implicit in every contract; such duty is grounded on the principle that neither party shall commit any act which shall destroy or injure the rights of the other party to enjoy the fruits of the contract. *R.J. Gaydos Ins. Agency, Inc. v. National Consumer Ins. Co.*, 773 A.2d 1132, 1146 (N.J. 2001). It also requires a showing that the defendant acted with bad motive or intentions. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. 2008) (citing *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)). Here, Plaintiff has failed to allege any facts supporting a finding of bad motive or intentions on Capital One's part and has further failed to allege any facts explaining or implying that Capital One's alleged conduct somehow deprived Plaintiff of the fruits of the contract she reasonably expected to enjoy. Indeed, if anything, any right Plaintiff may have had to not be contacted directly arose not from any contract with Capital One but from FDCPA § 1692c(a)(2). Thus, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing against Capital One is simply a bare legal conclusory allegation devoid of any stated factual support.

**IV.     CONCLUSION & ORDER**

For the reasons stated above;

**IT IS** on this 6th day of January 2012,

**ORDERED** that Defendant Capital One's Motion to Dismiss (docket # 3) is **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant United's Motion to Dismiss (docket # 5) is **GRANTED**; and

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg_____
Hon. Faith S. Hochberg, U.S.D.J.

7